**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The BUILDING & CONSTRUCTION TRADES COUNCIL OF PHILADELPHIA AND VICINITY, AFL–CIO, James O'Neill, Its President, and James Loughlin, Its Business Manager, Respondents.**

**The BUILDING & CONSTRUCTION TRADES COUNCIL OF PHILADELPHIA AND VICINITY, AFL–CIO, James Loughlin, Its Business Manager, Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**James O'NEILL, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 15494, 15544, 15555.

United States Court of Appeals Third Circuit.

Argued March 22, 1966.

Decided April 18, 1966.

Rehearing Denied May 5, 1966.

Anthony Obadal, N.L.R.B., Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Allison W. Brown, Jr., Attorney, N.L.R.B., on the brief), for N.L.R.B.

Bernard N. Katz, Philadelphia, Pa. (Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., on the brief), for Building & Construction Trades Council, etc. and James L. Loughlin.

Edward Davis, Philadelphia, Pa., for James O'Neill.

Before KALODNER, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM:

In this case the National Labor Relations Board has found that, in the course of a labor dispute about employment policies and practices of a principal contractor and some of the subcontractors involved in a large construction project, the Building and Construction Trades Council of Philadelphia and Vicinity, AFL-CIO, and its President, James O'Neill, engaged in unfair labor practices, among them unlawful secondary boycotting and unduly protracted picketing to force union recognition without filing a petition for certification.

On this review of the order entered pursuant to the Board's findings, one principal contention of the Trades Council is that the protracted strike and attendant picketing were unobjectionable because they were for the purpose of compelling employers to observe regional standards of wages and working conditions, rather than to compel unionization. This was a disputed question of fact. The Board has found on ample evidence that the picketing had a primary recognitional and organizational objective, whatever additional objective it may or may not have had. We are obligated to respect that finding.

Another defense centers on a contention that a strike against a principal contractor intended to compel him both to unionize his own operation and to stop dealing with subcontractors who do not employ union labor cannot be an illegal secondary boycott. In this case the record indicates that the major demand of the Trades Council, up to the time the

**64**

strike was called, was that the principal contractor discontinue his use of non union subcontractors and that, during the strike, the Council never withdrew that demand or indicated that the strike could be settled without satisfying it. This, in our view, is enough to bring the situation within the prohibition of section 8 (b) (4) of the National Labor Relations Act against striking "where * * * an object thereof is * * * forcing or requiring any person * * * to cease doing business with any other person * * *." The statute does not require that this unlawful object be the sole object.

The Trades Council also contends that its relation to employees and to their grievances is not such as to make it a "labor organization" as defined in section 2(5) of the Act. However, we are satisfied that the record shows that the Trades Council is, within the meaning of the statute, an organization "in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes * * * or conditions of work."

█ Finally, the individual respondent, James O'Neill, contends that relief cannot be given against both the Council and him, its president, because section 8 (b) of the Act provides that "[i]t shall be an unfair labor practice for a labor organization or its agents" to engage in certain proscribed conduct. The contention is that the disjunctive "labor organization or its agents" precludes imposing responsibility on both. This is simply a non sequitur. A provision that certain conduct by either of two parties is wrongful in no way implies that both cannot join in and be responsible for such wrongdoing.

After considering all points raised by the several parties we are satisfied that the Board's petition for enforcement of its order should be granted and that the cross-petitions of the respondents to set aside the order should be denied.

An appropriate decree will be entered.